**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


G.R. Technology, Inc.

    **v.**                                              Civil No.   07-cv-421-PB

Brown, Olson & Gould, P.C., f/k/a
Brown, Olson & Wilson, P.C.,
Robert A. Olson and
David Wiesner

     *AND*

G.R. Technology, Inc.

    **v.**                                              Civil No.   08-cv-68-PB

Brown, Olson & Gould, P.C., f/k/a
Brown, Olson & Wilson, P.C.,
Robert A. Olson, David Wiesner          OPINION NO. 2008 DNH 103
and Bryan K. Gould


**MEMORANDUM AND ORDER**

These consolidated cases result from a failed business

relationship between G.R. Technology, Inc. ("GRT") and Casella

Waste Systems, Inc. ("Casella").  GRT entered into several

agreements with Casella and its subsidiary, FCR, Inc. ("FCR") to

commercialize GRT's intellectual property.  Pursuant to these

agreements, the parties created two jointly-owned limited

liability companies to hold and exploit GRT's intellectual

property.  At FCR's direction, Brown, Olson, and Gould, P.C. was retained to represent the limited liability companies.

In January 2007, several of GRT's officers accused Casella and FCR of breaching their agreements with GRT and misappropriating GRT's intellectual property.  This prompted Casella, FCR, and the limited liability companies to file a declaratory judgment action against GRT and its officers in Vermont state court.

GRT responded by filing two actions in this court against Brown, Olson and Gould, P.C. and several of its partners.  The first is a direct action and the second is a derivative action filed on behalf of the limited liability companies.  GRT's principal contention in both actions is that the defendants were complicit with Casella and FCR in the misappropriation of its intellectual property.  I have consolidated both actions for purposes of pretrial proceedings.

Defendants invoke the abstention doctrine announced in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) in seeking to stay the consolidated actions until the Vermont declaratory judgment action is resolved.  For the reasons set forth below, I deny defendants' motions to stay.

**ANALYSIS**

The Colorado River abstention doctrine is an exception to

the general rule that a federal court ordinarily may not refuse

to decide a case that falls under its subject matter

jurisdiction.  The doctrine potentially applies when a state

court has asserted jurisdiction over a parallel proceeding.

Colorado River, 424 U.S. at 817.  "Wise judicial administration,"

rather than federalism, is the motivating force for this

particular form of abstention.  Id. at 817.

The First Circuit has recognized a non-exhaustive list of

eight factors that should be considered in determining whether

Colorado River abstention is warranted in a particular case:

> (1) whether either court has assumed jurisdiction over
> a *res*; (2) the inconvenience of the federal forum; (3)
> the desirability of avoiding piecemeal litigation; (4)
> the order in which the forums obtained jurisdiction;
> (5) whether state or federal law controls; (6) the
> adequacy of the state forum to protect the parties'
> interests; (7) the vexatious or contrived nature of the
> federal claim; and (8) respect for the principles
> underlying removal jurisdiction.

United States v. Fairway Capital Corp., 483 F.3d 34, 40 (1st Cir.

2007).  Defendants claim that abstention is required here to

avoid piecemeal litigation and because the consolidated cases

turn exclusively on questions of state law.

I am unpersuaded by the defendants' arguments.  First, while it is possible that the resolution of the Vermont action could shed light on certain issues that are also in dispute in the consolidated actions, it is by no means clear that the resolution of the Vermont action will eliminate the need for further litigation in this court.  The consolidated actions have different defendants and many of the claims that are at issue here have different elements from the claims that are at issue in the Vermont action.  Thus, it is likely that the cases will need to be resolved on their own merits regardless of what happens to the Vermont action.  To the extent that defendants fear the possibility of inconsistent results, I can address this concern by coordinating the timing of dispositive motion practice with the Vermont court.

Second, the fact that state law controls the resolution of the consolidated cases also fails to tip the balance in favor of a stay.  This is not a case in which there is a difficult matter of state law or policy that gives rise to one of the "rare circumstances" in which the presence of state law issues would justify a surrender of federal jurisdiction.  See Moses H. Cone

Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 (1983).

Finally, defendants have failed to consider another of the factors enumerated by the First Circuit that weighs strongly against abstention in this case.  GRT has sued defendants in the consolidated actions who are not named as defendants in the Vermont action.  Thus, a stay here could delay GRT from obtaining complete relief in the consolidated actions for the harm it claims to have suffered at the hands of the defendants.  Given the absence of other factors that favor abstention, this circumstance, by itself, weighs heavily against granting the defendants the relief they seek.

In short, there are no exceptional circumstances presented by this case to justify Colorado River abstention.  The Supreme Court has stated that "[o]nly the clearest of justifications" will suffice to trigger this type of abstention. Colorado River, 424 U.S. at 819.  Defendants have failed to produce any clear justifications for a stay in this case, other than a routine concern for judicial efficiency that is always present when related issues are pending in different courts.  As the First Circuit has recognized:  "Dismissal is not warranted simply because related issues otherwise would be decided by different

courts, or even because two courts otherwise would be deciding the same issues." Villa Marina Yacht Sales v. Hatteras Yachts, 915 F.2d 7, 16 (1st Cir. 1990).  Because this case presents no exceptional circumstances to justify abstention, I must deny defendants' motions to stay the proceedings.

### III.  CONCLUSION

For the reasons stated above, defendants' motion to stay filed in the direct action, No. 07-cv-421-PB (Doc. No. 11), and defendants' motion to stay filed in the derivative action, No. 08-cv-68-PB (Doc. No. 21), are denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 15, 2008

cc:  Barney L. Brannen, Esq.
     Lisa Chalidze, Esq.
     Alexander Rheaume, Esq.
     William Saturley, Esq.